# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**SCENTCO, LLC,**

    Plaintiff,

    v.

**SIMON DISTRIBUTING COMPANY, SIMON DISTRIBUTING, INC., SIMON DISTRIBUTING, LLC, and PATRICK SIMON,**

    Defendants.

Civil Action No. 7:13-cv-17 (HL)

## ORDER

Before the Court is Plaintiff Scentco, LLC's ("Plaintiff") Motion to Remand (Doc. 15). In its Motion, Plaintiff argues that the Court does not have jurisdiction over this case because the amount in controversy claimed in the Amended Complaint is only $74,000. Plaintiff asks the Court to remand all claims to the Superior Court of Thomas County, Georgia.

### I. BACKGROUND

The basic facts of the case are as follows. Plaintiff, a developer, distributor, and manufacturer of innovative scented products,[1] entered into a Distributor Agreement with Defendants Simon Distributing Company, Simon Distributing, Inc., Simon Distributing, LLC, and Patrick Simon (collectively, "Defendants").

---

[1] Plaintiff's products include Filter Breeze (home air freshener), Fresh Can (trash can freshener), and Wiper Breeze (auto air freshener).

Defendants were distributors of an additive for white paint that temporarily changed the color of the paint to allow a painter to see where the paint was applied during the painting process. Under the Distributor Agreement, Defendants agreed to distribute Paint Pourri, an air freshening paint additive invented by Plaintiff. As a part of their business relationship, the parties also executed a Confidentiality Agreement to protect any information that was exchanged between the parties. Plaintiff alleges that Defendants breached both of these Agreements by violating certain trade secrets provisions. Plaintiff alleges that as a result of the breach, it has suffered and continues to suffer economic harm.

In December 2012, Plaintiff filed this case in the Superior Court of Thomas County, Georgia. Plaintiff alleges ten separate counts against Defendants.[2] The counts include two breach of contract claims, misappropriation of trade secrets, intentional interference with contractual relations, intentional interference with business relations, unjust enrichment, violation of Georgia's Unlawful Trade Practices Act, unfair competition, fraud, and two claims for injunctive relief. (Doc. 13.)

On February 21, 2013, Defendants removed the case to this Court, arguing in the Notice of Removal that federal diversity jurisdiction applied. Thereafter, Plaintiff filed this Motion to Remand, arguing that the total amount of

---

[2] Plaintiff's Original Complaint filed in Superior Court contained only eight claims (Doc. 1). The Amended Complaint contains ten counts (Doc. 13).

damages sought is $74,000, which is below the jurisdictional limit. This Motion is discussed below.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Congress has created two primary methods for pleading original federal subject matter jurisdiction. The first method requires the existence of a federal question at the heart of the claim. 28 U.S.C. § 1331. The second method is based on diversity of citizenship. 28 U.S.C. § 1332. A diversity action is appropriate "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332 (a)(1). Thus, a diversity action has two distinct requirements: (1) an amount greater than $75,000, and (2) complete diversity of citizenship. In this case, the element of complete diversity is met. Thus, the jurisdictional inquiry centers on the element of amount in controversy.

A plaintiff must seek a sum in excess of $75,000 to have federal subject matter jurisdiction. If a case does not meet this jurisdictional requirement, it must be remanded to state court. Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 589, 590 (1938)). "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id.

In this case, the legal certainty standard, as opposed to the preponderance of the evidence standard, applies because the amount sought by Plaintiff is sum certain. Plaintiff clearly and definitively states in the Complaint that "[t]he total damages requested by plaintiff, on all counts, is $74,000.00." (Amended Complaint, Doc. 13.) This statement is repeated seven times throughout the Amended Complaint, and there are an additional nine references throughout the Complaint that specifically mention Plaintiff's $74,000 claim for damages. Because Plaintiff is seeking a fixed amount, Defendants are held to the legal certainty standard.

The legal certainty standard was discussed by the Eleventh Circuit in Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994). In that case, the

Eleventh Circuit discussed a Fifth Circuit case, Kliebert v. Upjohn Co., 915 F.2d 142 (5th Cir. 1990),[3] in which the Fifth Circuit determined that a defendant was not entitled to remove a case to federal court where the plaintiff sought exactly $10,000.[4] The court determined that removal was not appropriate because the amount in controversy was not "in excess" of the jurisdictional limit and there was no reason to doubt that the amount was pled in good faith. Id. at 146.

In Burns, the Eleventh Circuit agreed with the Fifth Circuit's decision to hold removing defendants to a strict standard. 31 F.3d at 1096. The Eleventh Circuit noted that the reason for this strict standard is to give proper deference to a plaintiff's articulation of damages. Id. at 1095 (noting that "plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth."). The court went on to explain that a strict standard helps to limit removal jurisdiction. "We are unwilling, without congressional guidance, to construe the removal statute in such a way that it would expand federal court jurisdiction or promote inconsistent application of the removal rule." Id. at 1096-97.

However, this strict standard does not mean that the Eleventh Circuit foreclosed all possibility that a removing defendant could prevail. To avoid

---

[3] The Eleventh Circuit noted in its discussion of Kliebert that the opinion was vacated after the case was accepted en banc, and the parties then settled the case before it could be heard by the whole court. Despite this, the Eleventh Circuit found the court's reasoning instructive. Burns, 31 F.3d at 1096 n. 7.

[4] At the time Kliebert was decided, the amount in controversy for federal jurisdiction was an amount in excess of $10,000.

5

remand under the legal certainty standard, a defendant must make an affirmative showing that "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." Id. at 1096. The standard is an objective one. "[P]laintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue." Id.

Here, despite Defendants' arguments to the contrary, the Court finds that Defendants are unable to meet their burden under the legal certainty standard. Defendants maintain that the amount in controversy exceeds the jurisdictional limit because Plaintiff is seeking damages for injunctive relief in addition to compensatory relief. Defendants contend that if an injunction is issued, it would have the effect of eliminating Plaintiff's competition in the fragrance distribution market, giving Plaintiff a higher market share which would take the amount in controversy over $75,000. However, the Court finds that this evidence is not sufficient to prove to a legal certainty that the amount in controversy is over $75,000. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from plaintiff's perspective." Federated Mut. Ins. Co., 329 F.3d at 807 (citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)). Plaintiff continues to allege that the amount of damages in the case is limited to $74,000 and Defendants are unable to demonstrate that this assertion is untrue.

III.   **CONCLUSION**

As explained herein, Defendants have failed to make a satisfactory showing that should Plaintiff prevail on liability, an award below the jurisdictional amount would be outside the range of permissible awards. The element of amount in controversy has not been established such that federal diversity jurisdiction is appropriate, and therefore, the Motion to Remand is granted. This case is remanded back to the Superior Court of Thomas County. The Court will not take any action on the pending Motion to Dismiss (Doc. 3) in light of the remand.

**SO ORDERED**, this 21st day of May, 2013.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

ebrs