**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **SCENTCO, LLC,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:13-cv-17 (HL) |
| **SIMON DISTRIBUTING COMPANY, SIMON DISTRIBUTING, INC., SIMON DISTRIBUTING, LLC, and PATRICK SIMON,** | |
| Defendants. | |

**ORDER**

Before the Court is Plaintiff Scentco, LLC's Motion for Reconsideration (Doc. 26). In the motion, Plaintiff asks the Court to reconsider its order remanding this case to state court (Doc. 23). Plaintiff accuses the Court of "***ignoring altogether*** Plaintiff's ***request for royalty damages*** …." (Doc. 26, p. 1 (emphasis in original)). The Motion for Reconsideration is denied for the following reasons.

As pointed out by Defendants, this Court does not have proper jurisdiction to review a motion for reconsideration on a remand order. Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992). The authority given to a federal district judge to remand a case after it is removed comes from 28 U.S.C. § 1447, which sets out federal procedures after removal. Section 1447(c) provides that a motion to remand must be filed within thirty days.

This statutory section also states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(d) addresses the issue of appellate review of a remand order. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443[1] of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).

Courts have held that the language of § 1447(d) unequivocally bars appellate review and reconsideration of any remand order. Harris, 951 at 330; see also Wachovia Mortg. FSB v. Marquez, --- Fed. App'x ---, 2013 WL 2319435 at *2 (11th Cir. May 28, 2013) (noting that § 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order"); Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 (11th Cir. 2011) (stating that "even if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case").

Defendants argue that its intent behind the Motion for Reconsideration is not to second-guess the Court's subjective ruling. Rather, Defendants contend that they simply want to "direct[ ] this Court's attention to a significant damage

---

[1] Section 1442 addresses removal for those cases that deal with federal officers or agencies as defendants. Section 1443 addresses removal of civil rights cases. Neither is at issue in this case.

allegation that was not considered," namely the royalty payments that Defendants would be forced to pay as injunctive relief if Plaintiff prevails (Doc. 30, p. 1). The very essence of a motion for reconsideration is that a party asks the court to reconsider something that the party believes the court did not properly consider. Thus, Defendants' motion is not an exception to the rule barring reconsideration of remand orders. Motions for reconsideration are barred by Eleventh Circuit jurisprudence, and this Court will not make an exception for Defendants.[2]

Based on this precedent, the Court does not have jurisdiction to consider the Motion for Reconsideration. The case has been remanded to state court, and there it will stay.

**SO ORDERED**, this 2nd day of July, 2013.


*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

ebrs

---

[2] Without considering the merits of the motion, the Court would like to point out that injunctive relief was addressed in the order remanding the case to state court. The Court cited Federated Mutual Insurance Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) for the premise that "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from plaintiff's perspective." Federated Mut. Ins. Co., 329 F.3d at 807 (citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)). Plaintiff claimed $74,000 in damages for all claims, including injunctive relief, and in the remand order, the Court determined that Defendants did not present sufficient evidence to disprove the Plaintiff's articulation of damages under the legal certainty standard.